UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO. 04-211-KKC

JIMMIE MAYNARD,                                                    PLAINTIFF,

V.                    **MAGISTRATE JUDGE'S REPORT
                        AND RECOMMENDATION**

JO ANNE B. BARNHART,
Commissioner of Social Security,                          DEFENDANT.

I.  INTRODUCTION

Plaintiff, Jimmie Maynard, has brought this action under 42 U.S.C § 405(g) to challenge a final decision of the Defendant Commissioner denying Plaintiff's application for disability insurance benefits and Supplemental Security Income payments.  This matter has been referred to the undersigned for preparation of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  Now ripe for decision on the parties' motions for summary judgment, and for the reasons set forth herein, it will be recommended that Plaintiff's motion for summary judgment be denied, Defendant's motion for summary judgement be granted and Judgment entered affirming the final decision of the Defendant Commissioner, but for reasons distinct

1

from those provided in the administrative decision.

## II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his application for disability insurance benefits and Social Security Income payments on September 20, 2001 (Tr. 51-53; 287-289), which was denied initially and on reconsideration (Tr. 32-33).   On October 16, 2002, an administrative hearing was conducted by Administrative Law Judge Don C. Paris (hereinafter "ALJ"), where Plaintiff testified, accompanied by his attorney.  (Tr. 301-340.)  Lisa Goudy, a vocational expert (hereinafter "VE"), also testified at the hearing.  (Id.)  On November 19, 2002, the ALJ found Plaintiff was not disabled.  (Tr. 16-25.)  The Appeals Council declined to review the ALJ's decision (Tr. 3-5) and Plaintiff now seeks judicial review.

Plaintiff was forty-three (43) years old at the time of the hearing decision.  (Tr. 17.)  He has a high school education.  (Tr. 305.)  His past relevant work experience consists of work as a logger and coal and timber truck driver (Tr. 17), but the ALJ found that this past work provided Plaintiff with no transferable skills commensurate with his functional capacity (Tr. 25).  The ALJ found that Plaintiff has not engaged in substantial gainful activity since August 30, 2001, the alleged onset date.  (Tr. 17.)

On November 19, 2002, the ALJ issued his decision finding Plaintiff not disabled.  (Tr. 16-25.)  The ALJ determined that Plaintiff was unable to perform any

of his past relevant work.  (Tr. 24.)  The ALJ concluded, however, that Plaintiff retained the residual functional capacity to perform a significant number of light work level jobs, as identified by the VE and within the framework of the Medical-Vocational Guidelines.  (Tr. 25.)  Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.  The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on March 18, 2004.  (Tr. 3-5.)  Plaintiff thereafter filed this action and the parties' motions for summary judgment (Record Nos. 9 and 10) are now ripe for review.

### III. ANALYSIS

A.  General Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision finding Plaintiff not disabled is supported by substantial evidence.  42 U.S.C. § 405(g); Abbott v. Sullivan, 905 F.2d 918, 922 (6th Cir. 1990); see also Jones v. Sec'y of Health & Human Servs., 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  "Substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Furthermore, the Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir.1993); see also Her v. Comm'r of Soc. Sec., 203 F.3d 388, 389-90 (6th Cir. 1999). The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986). If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm. Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983); Studaway v. Sec'y of Health & Human Servs., 815 F.2d 1074, 1076 (6th Cir. 1987). Finally, "[t]he court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." Bradley v. Sec'y of Health & Human Servs., 862 F.2d 1224, 1228 (6th Cir. 1988) (citing Gaffney v. Bowen, 825 F.2d 98, 100 (6th Cir.1987)).

B. Plaintiff's Contentions on Appeal and Analysis

Plaintiff asserts four (4) arguments in his Memorandum Brief in support of his motion for summary judgment. (Record No. 9, Memorandum in Support.) Therein,

4

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ erred when not finding Plaintiff disabled under Listing 1.04(A) or (C) - disorders of the spine; (2) the ALJ erred when not finding Plaintiff disabled under Listing 1.02 - major dysfunction of joint(s) due to any cause; (3) the ALJ erred when not finding Plaintiff disabled under Listing 12.04 - affective disorders; and (4) if no single impairment was sufficient to warrant a finding of disability, the ALJ erred when not finding Plaintiff disabled based on his combination of impairments (Id. at pp. 4-13). The Commissioner does not respond to these claims individually, but argues generally that Plaintiff failed to provide the necessary evidence to demonstrate that his disability precluded him from engaging in substantial gainful activity for twelve continuous months, a requirement mandated by the Social Security Administration. (Record No. 10, Memorandum in Support, p. 5) (citing 42 U.S.C. § 416(i); 20 C.F.R. §§ 404.1509, 416.909.)

"Disability" is defined as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." See 20 C.F.R. §§ 404.1505, 416.905. Individuals with multiple impairments must demonstrate that the combined effect of those impairments can be expected to continue for twelve (12) months. See 20 C.F.R.

5

§ 404.1522(b).  "If one or more of your impairments improves or is expected to improve within 12 months, so that the combined effect of your remaining impairments is no longer severe, we will find that you do not meet the 12-month duration test." (Id.)

A five-step sequential evaluation process is employed to determine the existence of a disability.  See 20 C.F.R. §§ 404.1520, 416.920.  If a definitive finding of disabled or not disabled can be realized at any step, the inquiry ceases with no obligation to proceed to the following step.  Step 1 considers whether or not a claimant is currently engaging in substantial gainful activity; an affirmative answer results in a finding of no disability.  Step 2 of the analysis addresses the severity of the claimant's alleged impairments.  If the claimant is found to have an impairment or combination of impairments that is not severe, a finding of not disabled is warranted. The third step of this process seeks to ascertain if the claimant's impairment meets the severity of the Listings provided by the Social Security Administration.  If a claimant's impairments are severe enough to meet the criteria of a Listing, the claimant will be found disabled.  If the impairments are categorized as severe, but do not meet any of the Listings, the sequential analysis proceeds to Step 4.  At Step 4, a claimant's residual functional capacity is calculated and a determination is made regarding whether or not a claimant can return to his past relevant work.  If a

claimant's residual functional capacity precludes participation in past work, the analysis then proceeds to Step 5. At this final step, a claimant's age, education, and residual functional capacity are considered in combination to determine if the claimant can adjust to other work in the regional or national economy. <u>See</u> 20 C.F.R. §§ 404.1520(a)(4)(i-v), 416.920(a)(4)(i-v).

In the present case, the ALJ completed an exhaustive five-step sequential evaluation analysis of Plaintiff's alleged disability. (Tr. 16-25.) The ALJ first found that Plaintiff was not currently engaged in any substantial gainful activity. (Tr. 17.) The ALJ then determined that Plaintiff suffered from severe impairments consisting of left and right tibia and fibula fractures of the leg, status post surgery; cervical, thoracic and lumbar spine disorders; a ruptured ACL of the right knee; and depression due to chronic pain. (Tr. 24.) The ALJ concluded that Plaintiff retained the residual functional capacity to perform a significant range of light work. (Tr. 25.) These findings were incorporated into the administrative decision despite the fact that the medical evidence Plaintiff presented at the time of the hearing included treatment records through July 16, 2002. (Tr. 278.)

Given Plaintiff's alleged onset date of August 30, 2001 (Tr. 97), the medical records submitted do not document Plaintiff's alleged disability for a continuous twelve-month period as mandated by the social security regulations. <u>See</u> 20 C.F.R.

7

§§ 404.1509, 416.909. Therefore, the ALJ could have resolved Plaintiff's application for disability benefits in favor of the Commissioner solely on Plaintiff's failure to meet this threshold durational requirement.[1]

Plaintiff argues that he should be found disabled because his physical impairments are severe enough to equal several of the disability Listings. (Record No. 9, pp. 4-9.) Unfortunately, the medical evidence contained in the administrative record does not give a complete picture of Plaintiff's physical condition for the required twelve-month time period. Therefore, any decision regarding Plaintiff's residual functional capacity based solely on the records submitted would be premature.

The evidence undoubtedly demonstrates that Plaintiff suffered numerous injuries following the August 30, 2001 accident. Those same medical records, however, suggest significant improvement in Plaintiff's condition from the time of the alleged onset date to the last treatment record, dated July 16, 2002. During that ten (10) and a half month time frame, Plaintiff progressed from wheelchair confinement to the use of crutches, and finally, to the use of a single cane to assist

---

[1] Indeed, the state agency consultative physician, Dr. James Ross, recommended denial of Plaintiff's application based upon the failure of Plaintiff to meet the durational requirement. (Tr. 170-171.) The ALJ noted Dr. Ross' recommendation in his administrative decision, but nevertheless completed the full sequential evaluation process. (Tr. 22.)

8

ambulation.  (Tr. 168; 138; 280.)

The progress notes documenting Plaintiff's physical therapy elaborated upon this improvement.  (Tr. 235; 238; 246.)  On two separate occasions, the physical therapist not only commented upon Plaintiff's ongoing improvement, but also strongly suggested that Plaintiff's physical recovery was not complete.  In an entry dated March 4, 2002, Plaintiff's physical therapist, David Kazee, stated, "We can't really determine how well he is going to get up till about a year post injury." (Tr. 247.)  At the time of Plaintiff's re-evaluation conducted on April 9, 2002, Mr. Kazee concluded, "I think we are probably looking at several months before this patient even reaches his Maximum Medical Improvement."  (Tr. 241.)

Similarly, Plaintiff argues in his Memorandum in Support that his alleged depression due to chronic pain meets Listing 12.04, and as a result, Plaintiff should be found disabled.  (Record No. 9, p. 9.)  Plaintiff stated during the administrative hearing, however, that he was not taking any medication for a mental health impairment, although he had been referred for psychological treatment by his physician.  (Tr. 317.)  Plaintiff further testified that his psychological treatment at Mountain Comprehensive Care Center had begun the very morning of the hearing. (Tr. 317-318.)  Thus, Plaintiff failed to establish the existence of a severe mental impairment lasting for a continuous twelve-month period.

9

The undersigned acknowledges that the Social Security Administration's disability definition notes that a claimant's condition "can be expected to last" for the requisite twelve-month period to qualify as a disabling impairment.  See 20 C.F.R. §§ 404.1509, 416.909.  Yet, given the improvement in Plaintiff's condition during his first ten (10) months of treatment, the evidence presented leaves open the possibility that Plaintiff's condition would not warrant a disability finding following a full twelve (12) months of rehabilitation.  If the alleged disability has continued, Plaintiff can certainly file a second application.  However, absent additional medical records documenting, at the very least, Plaintiff's physical and mental condition during the months of July and August 2002, Plaintiff has not satisfied the durational requirement established by the social security regulations for his current application.  Therefore, the Commissioner's finding that Plaintiff is not disabled is supported by substantial evidence, albeit for reasons different from those provided in the administrative decision. Accordingly, it shall be recommended that the decision of the Commissioner regarding Plaintiff's disability status be affirmed.[2]

## IV.  CONCLUSION

---

[2] In making this recommendation, it is unnecessary for the undersigned to also determine whether ALJ Paris' ultimate conclusion that Plaintiff could perform a significant range of light work was based upon substantial evidence, given the fact that Plaintiff failed to sustain his threshold burden of proving that any of his alleged impairments lasted, or were expected to last, for the required period of twelve (12) continuous months.

Therefore, for the reasons set forth above, it is recommended that: the Defendant Commissioner's motion for summary judgment (Record No. 10) be granted; Plaintiff's motion for summary judgment (Record No. 9) be denied; Judgment be entered affirming the Commissioner's decision and dismissing this action with prejudice; and, that this action be stricken from the court's docket.

Specific objections to this Report and Recommendation must be filed within ten (10) days from the date of service thereof or further appeal is waived. <u>United States v. Campbell</u>, 261 F.3d 628, 632 (6th Cir. 2001); <u>Bituminous Cas. Corp. v. Combs Contracting, Inc.</u> 236 F.Supp.2d 737, 749-750 (E.D. Ky. 2002). General objections that require a judge's interpretation are insufficient to preserve the right to appeal. <u>Cowherd v. Million</u>, 380 F.3d 909, 912 (6th Cir. 2004); <u>Miller v. Currie</u>, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within ten (10) days after being served a copy thereof. 28 U.S.C. § 636(b)(1)(C); Rule 72(b), Fed. R. Civ. P.

Signed April 13, 2005.



Signed By:

_Peggy E. Patterson_   ρεp

**United States Magistrate Judge**

Date of Entry and Service:

11

12